KAUFHERR & COMPANY, A CORPORATION, PLAINTIFF, v. THE PENNSYLVANIA RAILROAD COMPANY, A CORPORATION, DEFENDANT.

Decided March 23, 1934.

For the plaintiff, *Edmond M. Moffet.*

For the defendant, *John A. Hartpence.*

SMITH, WM. A., S. C. C. Counsel for defendant moves that plaintiff be nonsuited on the following grounds:

1. That the plaintiff has not proved a case of liability against the defendant on the well settled and recognized rule which requires the plaintiff to prove, if it is going to show that the shipment was received in bad condition at the termination, that it was shipped in good condition. There is no proof that it was shipped in good condition;

2. That this is a suit against the terminal carrier and not against the initial carrier. The defendant did not originate the shipment; it did not issue the bill; it did not supply the car and did not load the car;

3. That the inherent vice of this commodity itself could be the cause of the difficulty complained of;

4. That claim was not filed within the period provided for in the bill of lading (*Exhibit P-2*).

The court (after argument)—This is a suit which is brought by the consignee of a shipment from Ingersoll, Canada, made by William Stone & Sons, Limited, to the plaintiff, and the suit is brought against the Pennsylvania Railroad Company, which was the carrier that last carried the shipment. The shipment was in a carload lot over the Canadian National Railway, in a Canadian National Railway car. That car was delivered to the defendant company somewhere along the route of transportation from Ingersoll, Ontario, to the city of Newark.

The allegation is that the defendant here was negligent, and that its negligence caused damage to the contents of this car. That, of course, must be proved in order for the plaintiff to recover.

The ordinary presumption of law is that the goods arrived in the same condition in which they were shipped. It is therefore incumbent upon the plaintiff, in order to recover, to show that they were shipped in good condition.

The only evidence that I have been able to ascertain in this case as to the goods being shipped in good condition, or as to what condition they were shipped in, is the exhibit which has been offered here as *Exhibit P-2*, with the stipulation which contains the order bill of lading. That bill of lading recites that the goods "described below were received

in apparent good order except as noted. Contents and condition of contents of packages unknown."

These were hides not wrapped so as to be concealed. It seems to me that if this recital is binding upon the defendant, there is a *prima facie* case made out that the goods were received in good condition, as distinguished from the condition in which they were found when the car was opened.

That leads us to the next point, which is the contention by the defendant that a clause in this order bill of lading is binding upon the plaintiff. This clause is: "Notice of loss, damage or delay must be made in writing to the carrier at the point of delivery, or to the carrier at the point of origin, within four months after delivery of the goods, or in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed. Unless notice is so given the carrier shall not be liable."

It is, of course, conceded, and it is shown by the record in this case, that that notice was not given within four months after delivery. This car was unloaded on February 15th, 1928, and notice was not given until the following August.

The question which it seems to me I am presented with is this: That if this bill of lading is the contract of transportation covering the transportation not only in Canada, but in the United States, then this recital of the condition of the goods is *prima facie* proof, but if it is not the contract of transportation in the United States, then it is not an admission as against the defendant that the goods were delivered in apparent good condition.

Now, I have listened to the argument of counsel on the question of the uniform bill of lading of the United States being applicable to this shipment. I might say that it is not an easy question to settle. But I am satisfied in this case that the Canadian bill does apply. But even if the uniform bill of lading of the United States applies, then the presumption which has arisen against the defendant by the recital in the Canadian bill of lading, falls, because it is only an admission by the Canadian National Railway, and it is not binding on the defendant here.

On these grounds I will grant the motion for nonsuit.

Plaintiff's counsel prays an exception to this ruling of the court. Exception noted as ground of appeal.